**\*\* E-filed May 10, 2010 \*\***

BINGHAM MCCUTCHEN LLP
David M. Balabanian (SBN 37368)
david.balabanian@bingham.com
Charlene S. Shimada (SBN 91407)
charlene.shimada@bingham.com
Lucy Wang (SBN 257771)
lucy.wang@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000

Attorneys for Defendants
LINC Housing Corporation, Corporate Fund for
Housing, LINC Franciscan Limited Partnership,
Franciscan Park, LLC, Hunter Johnson and Franciscan
Housing Corporation, solely for the purpose of
executing this stipulation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCISCAN MOBILE HOME OWNERS FOR JUSTICE; ROSENDO QUINIQUINI; RORY MORDINOIA; ROBERT QUINN; SANDRA HOLMAN; and MAMIE ZHU, And on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>LINC HOUSING CORPORATION; CORPORATE FUND FOR HOUSING; LINC FRANCISCAN LIMITED PARTNERSHIP; FRANCISCAN PARK, LLC; HUNTER JOHNSON; FRANCISCAN HOUSING CORPORATION; RICHARD BERGER; DALY CITY HOUSING DEVELOPMENT FINANCE AGENCY; PACIFIC WEST MANAGEMENT; FRANCISCAN ACQUISITION CORPORATION; DAVID KENYON; and DOES 1-50, inclusive,<br><br>    Defendants. | No. CV 10 1087 JW HRL<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br>**AS AMENDED BY THE COURT** |

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Defendants LINC Housing Corporation, Corporate Fund for Housing, LINC Franciscan Limited Partnership, Franciscan Park, LLC, Hunter Johnson and Franciscan Housing Corporation (collectively, "Defendants") and Plaintiffs Franciscan Mobile Home Owners for Justice, Rosendo Quiniquini, Rory Mordinoia, Robert Quinn, Sandra Holman and Mamie Zhu (collectively, "Plaintiffs") hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 set and General Order 62 forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  DEFINITIONS

2.1  Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" Information or Items: Any information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3  Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staff).

2.4  Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5  Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1    2.6    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Any Confidential Information or Items, or portion thereof, that is designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and that contains highly sensitive business or personal information that, if disclosed, would create a substantial risk of serious injury that could not be avoided by less restrictive means. HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY MATERIAL may include, without limitation:

(a)    An individual's financial, medical, or personnel records;

(b)    Current or prospective business plans, market analysis or internal strategy or proprietary planning processes;

(c)    Material or information constituting a trade secret; or,

(d)    Non-public information relating to past, current or potential future customers or competitors.

2.8    In-House Counsel: Attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel or any other outside counsel.

2.9    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel: Law firms and attorneys (including, without limitation, their support staff, temporary attorneys, summer associates, law clerks, consultants and retained non-testifying experts) who are not employees of a party to this action but are retained to represent or advise a party to this action.

2.11   Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.12 **Producing Party**: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 **Professional Vendors**: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 **Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. <span style="color:red">For a period of six months after the final disposition of this action, the court will retain jurisdiction to enforce the terms of this protective order.</span>

5. **DESIGNATING PROTECTED MATERIAL**

5.1 **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order

1  must take care to limit any such designation to specific material that qualifies under the

2  appropriate standards.  To the extent it is practical to do so, the Designating Party must designate

3  for protection only those parts of material, documents, items, or oral or written communications

4  that qualify – so that other portions of the material, documents, items, or communications for

5  which protection is not warranted are not swept unjustifiably within the ambit of this Order.  A

6  Designating Party may withdraw a designation of CONFIDENTIAL or HIGHLY

7  CONFIDENTIAL – ATTORNEYS' EYES ONLY upon written notice to all parties.

8         5.2      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

9  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

10  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

11  designated before the material is disclosed or produced.

12         Designation in conformity with this Order requires:

13         (a)      For information in documentary form (e.g., paper or electronic documents,

14  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

15  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

16  EYES ONLY" to each page that contains protected material.

17         A Party or Non-Party that makes original documents or materials available for

18  inspection need not designate them for protection until after the inspecting Party has indicated

19  which material it would like copied and produced.  During the inspection and before the

20  designation, all of the material made available for inspection shall be deemed "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

22  the documents it wants copied and produced, the Producing Party must determine which

23  documents, or portions thereof, qualify for protection under this Order.  Then, before producing

24  the specified documents, the Producing Party must affix the appropriate legend

25  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each

26  page that contains Protected Material.

27         (b)      For testimony given in deposition or in other pretrial or trial proceedings,

28  that the Designating Party identify on the record, before the close of the deposition, hearing, or

1  other proceeding, all protected testimony and specify the level of protection being asserted.
2  When it is impractical to identify separately each portion of testimony that is entitled to
3  protection and it appears that substantial portions of the testimony may qualify for protection, the
4  Designating Party may invoke on the record (before the deposition, hearing, or other proceeding
5  is concluded) a right to have up to 21 days after a transcript of the testimony is made available to
6  identify the specific portions of the testimony as to which protection is sought and to specify the
7  level of protection being asserted.  Only those portions of the testimony that are appropriately
8  designated for protection within the 21 days shall be covered by the provisions of this Stipulated
9  Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21
10 days after a transcript of the testimony is made available, that the entire transcript shall be treated
11 as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12         Parties shall give the other parties notice if they reasonably expect a deposition,
13 hearing or other proceeding to include Protected Material so that the other parties can ensure that
14 only authorized individuals who have signed the "Acknowledgment and Agreement to Be
15 Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a
16 deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY
17 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18         Transcripts containing Protected Material shall have an obvious legend on the title
19 page that the transcript contains Protected Material, and the title page shall be followed by a list
20 of all pages (including line numbers as appropriate) that have been designated as Protected
21 Material and the level of protection being asserted by the Designating Party.  The Designating
22 Party shall inform the court reporter of these requirements.  Any transcript that is prepared before
23 the expiration of a 21-day period for designation shall be treated during that period as if it had
24 been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety
25 unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as
26 actually designated.
27         (c)  For information produced in some form other than documentary and for
28 any other tangible items, that the Producing Party affix in a prominent place on the exterior of

1  the container or containers in which the information or item is stored the legend
2  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only
3  a portion or portions of the information or item warrant protection, the Producing Party, to the
4  extent practicable, shall identify the protected portion(s) and specify the level of protection being
5  asserted.

6       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent
7  failure to designate qualified information or items does not, standing alone, waive the
8  Designating Party's right to secure protection under this Order for such material. Upon timely
9  correction of a designation, the Receiving Party must make reasonable efforts to assure that the
10  material is treated in accordance with the provisions of this Order.

11      6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

12       6.1    Timing of Challenges. Any Party or Non-Party may challenge a
13  designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's
14  confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary
15  economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its
16  right to challenge a confidentiality designation by electing not to mount a challenge promptly
17  after the original designation is disclosed.

18       6.2    Meet and Confer. A Party that elects to initiate a challenge to a
19  confidentiality designation or level of protection to be afforded to Protected Material shall meet
20  and confer *(in voice-to-voice dialogue; other forms of communication are not sufficient)* with the Designating Party in good faith. In conferring, the challenging party must
21  explain the basis for its belief that the confidentiality designation was not proper and must give
22  the Designating Party an opportunity to review the designated material, to reconsider the
23  circumstances, and, if no change in designation is offered, to explain the basis for the chosen
24  designation. A challenging Party may proceed to the next stage of the challenge process only if
25  it has engaged in this meet and confer process first.

26       6.3    Judicial Intervention. A Party that elects to press a challenge to a
27  confidentiality designation or level of protection to be afforded to Protected Material, after
28  considering the justification offered by the Designating Party, may file and serve a motion under

1  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies
2  the challenged material and sets forth in detail the basis for the challenge.  Each such motion
3  must be accompanied by a competent declaration that affirms that the movant has complied with
4  the meet and confer requirements imposed in the preceding paragraph and that sets forth with
5  specificity the justification for the confidentiality designation that was given by the Designating
6  Party in the meet and confer dialogue.  The burden of proof and of persuasion in any such
7  challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge,
8  all Parties shall continue to afford the information, document, electronically-stored information,
9  or thing, or portion thereof, with the level of protection designated by the Designating Party.

10        7.     ACCESS TO AND USE OF PROTECTED MATERIAL

11        7.1     Basic Principles.  A Receiving Party may use Protected Material that is
12  disclosed or produced by another Party or by a Non-Party in connection with this case only for
13  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be
14  disclosed only to the categories of persons and under the conditions described in this Order.
15  When the litigation has been terminated, a Receiving Party must comply with the provisions of
16  section 13 below (FINAL DISPOSITION).

17        Protected Material must be stored and maintained by a Receiving Party at a
18  location and in a secure manner[1] that ensures that access is limited to the persons authorized
19  under this Order.

20        7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless
21  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving
22  Party may disclose any information or item designated "CONFIDENTIAL" only to:

23        (a)     Named plaintiffs and defendants who have signed the "Acknowledgment
24  and Agreement to Be Bound" (Exhibit A);

25        (b)     The Receiving Party's Outside Counsel in this action, as well as

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

1  employees of said Outside Counsel, to whom it is reasonably necessary to disclose the
2  information for this litigation;
3       (c)     The officers, directors, and employees (including In-House Counsel) of
4  the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have
5  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
6       (d)     Experts (as defined in this Order) of the Receiving Party to whom
7  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment
8  and Agreement to Be Bound" (Exhibit A);
9       (e)     The court and its personnel;
10      (f)     Court reporters and their staff, professional jury or trial consultants, and
11 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who
12 have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
13      (g)     During their depositions, witnesses in the action to whom disclosure is
14 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
15 (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of
16 transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be
17 separately bound by the court reporter and may not be disclosed to anyone except as permitted
18 under this Stipulated Protective Order.
19      (h)     The author or recipient of a document containing the information or a
20 custodian or other person who otherwise possessed or knew the information.
21      7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>
22 <u>ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by
23 the Designating Party, a Receiving Party may disclose any information or item designated
24 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:
25      (a)     The Receiving Party's Outside Counsel in this action, as well as
26 employees of said Outside Counsel, to whom it is reasonably necessary to disclose the
27 information for this litigation;
28      (b)     Designated In-House Counsel of the Receiving Party to whom disclosure

is reasonably necessary for this litigation;

    (c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    The court and its personnel;

    (e)    Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

    (f)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

    (a)    Promptly notify in writing the Designating Party and in no event more than 7 court days after receiving the subpoena or order. Such notification shall include a copy of the subpoena or court order;

    (b)    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    Make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court

.

1  within 14 days of receiving the notice and accompanying information, the Receiving Party may
2  produce the Non-Party's confidential information responsive to the discovery request.  If the
3  Non-Party timely seeks a protective order, the Receiving Party shall not produce any information
4  in its possession or control that is subject to the confidentiality agreement with the Non-Party
5  before a determination by the court.[3]  Absent a court order to the contrary, the Non-Party shall
6  bear the burden and expense of seeking protection in this court of its Protected Material.

7        10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
9  Protected Material to any person or in any circumstance not authorized under this Stipulated
10 Protective Order, the Receiving Party must immediately (a) notify in writing the Designating
11 Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies,
12 abstracts, compilations, summaries or any other form of reproducing or capturing any of the
13 Protected Material, (c) inform the person or persons to whom unauthorized disclosures were
14 made of all the terms of this Order, and (d) request such person or persons to execute the
15 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

16       11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
17 PROTECTED MATERIAL

18       The inadvertent production of any privileged material including, but not limited
19 to, the attorney-client privilege and/or work-product doctrine, shall not be deemed a waiver or
20 impairment of any claim of privilege with respect to that Disclosure or Discovery Material, or
21 otherwise.

22       Upon receiving notice from a Producing Party that Disclosure or Discovery
23 Material subject to any privilege was inadvertently produced, the Receiving Party shall return the
24 Disclosure or Discovery Material, including any and all copies, abstracts, compilations,

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1  summaries or any other form of reproducing or capturing any of the privileged Disclosure or
2  Discovery Material within their possession, custody, or control, to the Producing Party within 30
3  days.
4      Any Receiving Party who believes that they have inadvertently received
5  Disclosure or Discovery Material protected by the attorney-client privilege and/or work-product
6  doctrine from a Producing Party, shall not read or review the Disclosure or Discovery Material
7  beyond what is necessary to determine that the Disclosure or Discovery Material is privileged,
8  and shall immediately notify the Producing Party and return the Disclosure or Discovery
9  Material, including any and all copies, abstracts, compilations, summaries or any other form of
10 reproducing or capturing any of the privileged Disclosure or Discovery Material within their
11 possession, custody, or control, to the Producing Party within 30 days.
12     12.   MISCELLANEOUS
13     12.1   Right to Further Relief.  Nothing in this Order abridges the right of any
14 person to seek its modification by the court in the future.
15     12.2   Right to Assert Other Objections.  By stipulating to the entry of this
16 Protective Order no Party waives any right it otherwise would have to object to disclosing or
17 producing any information or item on any ground not addressed in this Stipulated Protective
18 Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of
19 the material covered by this Protective Order.
20     12.3   Filing Protected Material.  Without written permission from the
21 Designating Party or a court order secured after appropriate notice to all interested persons, a
22 Party may not file in the public record in this action any Protected Material.  A Party that seeks
23 to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.
24     13.   FINAL DISPOSITION
25     Unless otherwise ordered or agreed in writing by the Producing Party, upon
26 written request to the Receiving Party within 60 days after the final termination of this action, the
27 Receiving Party must return all Protected Material to the Producing Party.  The Receiving Party
28 shall then have 60 days to return the Protected Material.  As used in this subdivision, "all

1  Protected Material" includes all copies, abstracts, compilations, summaries or any other form of
2  reproducing or capturing any of the Protected Material.  With permission in writing from the
3  Designating Party, the Receiving Party may destroy some or all of the Protected Material.
4  　　　　　Whether the Protected Material is returned or destroyed, the Receiving Party must
5  submit a written certification to the Designating Party that identifies all Protected Material that
6  was returned or destroyed.  Notwithstanding this provision, Counsel are entitled to retain an
7  archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or
8  attorney work product, even if such materials contain Protected Material.  Any such archival
9  copies that contain or constitute Protected Material remain subject to this Protective Order as set
10 forth in section 4 above (DURATION), above.
11 　　　IT IS SO STIPULATED, THROUGH COUNSEL.

12 DATED:  May 10, 2010

BINGHAM MCCUTCHEN LLP
David M. Balabanian
Charlene S. Shimada
Lucy Wang
Three Embarcadero Center
San Francisco, CA  94111
Telephone:  415.393.2000
Facsimile:  415.393.2286

By:　　　　　/s/ Charlene S. Shimada　　　
　　　　　　　Charlene S. Shimada

Attorneys for Defendants LINC Housing
Corporation, Corporate Fund for Housing, LINC
Franciscan Limited Partnership, Franciscan Park,
LLC, Hunter Johnson and Franciscan Housing
Corporation, solely for the purpose of executing this
stipulation

[PROPOSED] STIPULATED PROTECTIVE ORDER
NO. CV 10 1087 JW HRL

DATED: May 7, 2010                SHELLEY S. BUCHANAN
                                  Attorney at Law
                                  912 Cole Street, PMB #120
                                  San Francisco, CA  94117
                                  Telephone 415.566.3526
                                  Facsimile 415.566.3548


                                  By:          /s/ Shelley S. Buchanan
                                                Shelley S. Buchanan

                                  Attorneys for Franciscan Mobile Home Owners for
                                  Justice, Rosendo Quiniquini, Rory Mordinoia,
                                  Robert Quinn, Sandra Holman and Mamie Zhu

ATTESTATION PURSUANT TO GENERAL ORDER 45

I, Charlene S. Shimada, attest that concurrence in the filing of this document has been obtained from any signatories indicated by a "conformed" signature (/s/) within this e-filed document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of May, 2010, at San Francisco, California.

BINGHAM MCCUTCHEN LLP


By:      /s/ Charlene S. Shimada
          Charlene S. Shimada

Three Embarcadero Center
San Francisco, CA 94111
Telephone: 415.393.2000
Facsimile: 415.393.2286

Attorneys for Defendants LINC Housing Corporation, Corporate Fund for Housing, LINC Franciscan Limited Partnership, Franciscan Park, LLC, Hunter Johnson and Franciscan Housing Corporation, solely for the purpose of executing this stipulation

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

2  DATED: May 10, 2010

3  _____
   HOWARD R. LLOYD
   United States Magistrate Judge

# CERTIFICATE OF MAILING

I hereby certify that on May 10, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By:     /s/ Diane R. Imai
            Diane R. Imai

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Franciscan Mobile Home Owners for Justice v. LINC Housing Corp.*, No. CV 10 1087 JW HRL (N.D. Cal). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                       [printed name]

Signature: _____
                  [signature]